United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| ALAN M. KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 16-11961-NMG |
| ANDREW JOSEPH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER

**GORTON, J.**

This case involves a long-running dispute concerning a business relationship between pro se plaintiff Alan Kaufman ("Kaufman" or "plaintiff") and defendants, Attorney Andrew Joseph ("Joseph"), his law firm, Drinker Biddle & Reath LLP ("DBR"), and Southwestern Bell Mobile Systems, LLC d/b/a Cingular Wireless n/k/a AT&T Mobility ("AT&T" and, collectively with Joseph and DBR, "defendants"). Plaintiff alleges that 1) DBR breached the covenant of good faith and fair dealing and all three defendants 2) defrauded the Court and 3) made fraudulent misrepresentations. Pending before the Court is defendants' joint motion to dismiss. For the following reasons, that motion will be allowed.

I.  **Background**

   A. **Initial Business Relationship**

Kaufman apparently was the controlling officer of Harvard Cellular, Inc. ("Harvard Cellular") between 1991 and 2002. In 2002, Harvard Cellular entered into an agency agreement with the predecessor-in-interest to New Cingular Wireless ("New Cingular"), a subsidiary of AT&T, to open five retail stores in New York City. New Cingular advanced $350,000 to Harvard Cellular to lease and build properties for the New York City stores. Harvard Cellular's stores, which sold New Cingular products, opened that July.

The agreement between Harvard Cellular and New Cingular required that Harvard Cellular obtain authorization from New Cingular before closing any of the stores. Without doing so, Harvard Cellular closed its New York City stores in December, 2002. It failed to reimburse New Cingular for the advance, building costs, the cost of handsets for which it had accepted delivery and other operating costs. New Cingular sought recovery of those expenses and the parties went to arbitration.

   B. **Arbitration Decision**

Arbitration proceedings between Harvard Cellular and New Cingular lasted 13 days. During and after the arbitration, New Cingular was represented by attorneys from DBR, including Joseph. Kaufman alleges that Joseph began settlement

negotiations with Harvard Cellular while the arbitration was ongoing because he did not expect New Cingular to succeed. Ultimately, the parties did not settle and the arbitrator ruled in favor of New Cingular, ordered Harvard Cellular to pay New Cingular $1.2 million for breaching its contractual obligations and denied Harvard Cellular's counterclaims for fraudulent inducement and breach of contract.

**C. New York and Florida Actions**

New Cingular filed suit in the New York Supreme Court to confirm the arbitration award ("New York Action"). Harvard Cellular sought partial vacatur. In 2006, the New York Supreme Court allowed the motion to confirm the arbitration award and denied Harvard Cellular's motion for partial vacatur.

In 2008, New Cingular brought a separate action in the United States District Court for the Southern District of Florida to enforce personal guarantees signed by Kaufman with respect to the arbitration award ("Florida Action"). Kaufman counterclaimed that, among other things, he was fraudulently induced to sign the personal guarantees. The Court in the Florida Action allowed New Cingular's motion for summary judgment and dismissed Kaufman's counterclaims as barred by <u>res judicata</u>. The parties subsequently entered a settlement agreement that deferred execution of the arbitration judgment

until Kaufman reached a specified net worth ("the 2009 Settlement Agreement").

**D. Current Action**

In 2010, Kaufman sent a letter to New Cingular allegedly threatening to publish a book disparaging defendants. DBR sent a cease and desist letter that reminded Kaufman of his obligations under the 2009 Settlement Agreement. In 2016, Kaufman informed AT&T, Joseph and the arbitrator, John Wilkinson, by letter, that he intended to file this suit.[1]

Kaufman filed the instant complaint in September, 2016, in the Massachusetts Superior Court for Suffolk County alleging that, during the arbitration that occurred in 2003 and 2004 and thereafter, DBR breached its covenant of good faith and fair dealing and all the defendants committed fraud upon the court and made fraudulent misrepresentations. Defendants removed the case to this Court and filed a joint motion to dismiss for failure to state a claim upon which relief can be granted. That motion, which Kaufman timely opposed, is the subject matter of this memorandum and order and will be allowed.

---

[1] This Court dismissed plaintiff's claims against the arbitrator in February, 2017.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face". Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, a court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Analysis**

Defendants contend that plaintiff's claims must be dismissed because 1) he has failed to state a claim for breach of the covenant of good faith and fair dealing, 2) his claim of fraud upon the court is barred by the doctrine of res judicata, and 3) his fraudulent misrepresentation claim is time-barred. Defendants further assert that the claims are precluded by the 2009 Settlement Agreement, lack of personal jurisdiction and plaintiff's failure to pierce the corporate veil.

**1. Plaintiff Fails to State a Plausible Claim for Breach of the Covenant of Good Faith and Fair Dealing**

Kaufman alleges that the responses of defendants DBR and Joseph to Kaufman's 2010 and 2016 letters constitute a breach of the covenant of good faith and fair dealing. Specifically, Kaufman claims that the letters violate "Disciplinary Rule 7-105(A) of the New York Code of Professional Responsibility" for attorneys.[2] DBR and Joseph contend that plaintiff fails to state a claim upon which relief can be granted because 1) such a breach must be predicated on a contractual relationship, 2) there is no private right of action for claims pursuant to

---

[2] That rule was repealed in 2009 and is now codified as Rule 3.4 of N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 to which this Court will henceforth refer.

the New York Code of Professional Responsibility and 3) the claim fails under the Massachusetts Anti-SLAPP statute.

The contention of DBR and Joseph that plaintiff fails to state a plausible claim for breach of the covenant of good faith and fair dealing is well taken. Both parties correctly apply New York law to this claim because the purported breach occurred in New York. See Bergin v. Dartmouth Pharm. Inc., 326 F. Supp. 2d 179, 181 (D. Mass. 2004). Plaintiff fails to state a claim of breach of the covenant of good faith and fair dealing because such a claim must arise from contract. Duration Mun. Fund, L.P. v. J.P. Morgan Sec., Inc., 908 N.Y.S.2d 684 (2010). Although there was an agency agreement between Harvard Cellular and New Cingular, and there is also a settlement agreement between those parties, even accepting all allegations as true, there is no plausible claim that a contract existed between Kaufman, on the one hand, and either Joseph or DBR, the attorney and law firm which represented New Cingular, on the other hand. See Ocasio-Hernandez, 640 F.3d at 12. Therefore, the claim must be dismissed because, absent a contractual relationship, there can be no breach of the covenant of good faith and fair dealing. See Duration Mun. Fund, 908 N.Y.S.2d at 684.

Moreover, as DBR and Joseph point out, the New York Code of Professional Responsibility does not create a private right of action for violations. Weinberg v. Sultan, 142 A.D.3d 767, 769

(N.Y. App. Div. 2016). Therefore, even if defendants' actions constituted a violation of Rule 3.4, plaintiff's complaint is to the New York Board of Bar Overseers not for this forum and therefore that claim must be dismissed. See Iqbal, 556 U.S. at 667. Because the claim will be dismissed on other grounds, the Court need not consider defendants' remaining contention that the claim also fails under the Massachusetts Anti-SLAPP statute, M.G.L. c. 231, § 59H. Plaintiff's claim of breach of covenant of good faith and fair dealing will therefore be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

### 2. Plaintiff's Claim of Fraud Upon the Court is Precluded by the Doctrine of Res Judicata

#### a. Legal Standard

The doctrine of res judicata, or claim preclusion, prohibits a party from bringing a second action on a claim previously litigated and resolved on the merits. Nunez Colon v. Toledo-Davila, 648 F.3d 15, 19 (1st Cir. 2011). A court may consider the record in the original action along with well-pled facts in the complaint in the second action in determining whether a claim is precluded. Medina-Padilla v. U.S. Aviation Underwriters Inc., 815 F.3d 83, 85 (1st Cir. 2016).

If the original action was in state court, a federal court applies the res judicata law of the state in which the case was

decided. Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011). If the original action was before a federal court sitting in diversity, federal common law governs. Medina-Padilla, 815 F.3d at 86. Under federal common law, the law of the state in which the federal court sits governs unless "incompatible with federal interests". Medina-Padilla, 815 F.3d at 86.

**b. Application**

Kaufman contends that defendants perpetrated fraud upon the court when they allegedly bribed the arbitrator. Defendants persuasively respond that res judicata bars all claims that plaintiff could and should have raised in the prior actions, including a claim of fraud upon the court.

This claim of the plaintiff is precluded by the New York and Florida Actions. With respect to the New York Action, New York law applies. See Dillon, 630 F.3d at 80. New York law precludes claims if 1) the prior action was adjudged on the merits, 2) it involved plaintiffs or their privies and 3) "the claims asserted in the subsequent action were, or could have been, raised in the prior action". Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000).

Turning to the first factor, the judicial confirmation of the arbitration award by the New York Supreme Court constituted a judgment on the merits under New York law. N.Y.

-9-

C.P.L.R. 7514(a); see Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 266 (2d Cir. 1997). Kaufman's contention that the New York Action does not warrant claim preclusion because it was a "mere procedural proceeding" is therefore unavailing.

As for the second requirement, privity exists where the party's "interests were adequately represented by another vested with the authority of representation". Monahan, 214 F.3d at 285 (internal citation omitted). Kaufman, as president of Harvard Cellular, had "the right to control the conduct of the litigation and appeal from the judgment" and thus he is in privity with Harvard Cellular, a party to the New York Action. Willsey v. Strawway, 255 N.Y.S.2d 224, 229 (Sup. Ct. 1963), aff'd, 254 N.Y.S.2d 830 (1964); see also Prudential Lines, Inc. v. Firemen's Ins. Co. of Newark, N. J., 457 N.Y.S.2d 272, 275 n.* (1982).

Finally, as to the third prerequisite, the alleged fraud occurred during and arose from the arbitration process. See Monahan, 214 F.3d at 285. The facts that supposedly support plaintiff's claim occurred prior to the confirmation of the arbitration award and plaintiff provides no plausible explanation for failing to raise them earlier. See Monahan, 214 F.3d at 285; Jacobson, 111 F.3d at 266. Kaufman did not raise his claim of fraud upon the court in the New York Action even though New York law allowed him to do so. See C.P.L.R. 7511.

In a last ditch effort to persuade the Court that his claims are not precluded, Kaufman contends that res judicata may not apply if a party demonstrates fraud by clear and convincing, newly-discovered evidence. N.Y. C.P.L.R. 7511; Allstate Ins. Co. v. GEICO, 955 N.Y.S.2d 100, 102 (2012). He avers that a bribe warrants a new action but the facts that supposedly support plaintiff's allegation of a bribe in the arbitration proceedings are neither new nor clear and convincing evidence that a fraud occurred. See Allstate Ins., 955 N.Y.S.2d at 102. Kaufman's other claims of evidence are conclusory and lack factual specificity. See Iqbal, 556 U.S. at 667. Accordingly, res judicata deriving from the New York Action precludes plaintiff's claim of fraud upon the court. See Allstate Ins., 955 N.Y.S.2d at 102.

Even assuming, arguendo, that plaintiff's claim was not precluded under New York law, it would be precluded under Florida law. Florida law applies to the Florida Action because that Court sat in diversity. See Medina-Padilla, 815 F.3d at 86. Florida law precludes a claim if the prior action was adjudged on the merits "by a court of competent jurisdiction" for the same cause of action or a cause of action that could have been brought at that time "between the same parties or their privies". Philip Morris USA, Inc. v. Douglas, 110 So. 3d 419, 425 (Fla. 2013) (internal citation omitted); see also United

-11-

Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1104 (Fla. Dist. Ct. App. 2010).

The Florida Action was a final judgment by a court of competent jurisdiction. See Philip Morris USA, 110 So. 3d at 425. Plaintiff in this case was also the plaintiff in that action. Defendants are, for the purpose of claim preclusion, in privity as successors-in-interest. See Metro. Dade Cty. Bd. of Cty. Comm'rs v. Rockmatt Corp., 231 So. 2d 41, 44 n.5 (Fla. Dist. Ct. App. 1970); see also Philip Morris USA, 110 So. 3d at 425. Moreover, once again, plaintiff did not initiate a claim for fraud upon the court in the Florida Action even though Florida law allowed him to do so. See Fla. Stat. § 682.13(1); Davenport v. Dimitrijevic, 857 So. 2d 957, 961 (Fla. Dist. Ct. App. 2003).

Kaufman contends that res judicata does not preclude his claim under Florida law because he could not have brought the claim without the purportedly new evidence. See Kowallek, 183 So. 3d at 1177; Hialeah Race Course, 245 So. 2d at 628. For the reasons previously stated, the Court is not persuaded by plaintiff's conclusory pleadings that the "new" evidence is sufficient to warrant a new action. See Iqbal, 556 U.S. at 667. Accordingly, res judicata deriving from the Florida Action also bars the claim of fraud upon the court and that claim will be dismissed. See United Auto. Ins., 46 So. 3d at 1104.

### 3. Plaintiff's Claim of Fraudulent Misrepresentation is Time Barred

#### a. Legal Standard

Defendants may raise an affirmative defense that the fraudulent misrepresentation claim is time-barred at the motion to dismiss stage. See Pike v. N.Y. Life Ins. Co., 901 N.Y.S.2d 76, 81 (2010). A federal court sitting in diversity applies the choice-of-law framework of the forum state. Levin v. Dalva Bros., Inc., 459 F.3d 68, 73 (1st Cir.2006) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Under Massachusetts law, fraudulent misrepresentation claims are governed by the three-year statute of limitations that is applicable to tort actions. M.G.L. c. 260, § 2A; see Kent v. Dupree, 429 N.E.2d 1041, 1043 (1982). Under New York law, fraudulent misrepresentation claims are subject to a six-year statute of limitations. N.Y. C.P.L.R. 213(2), (8); Pike, 901 N.Y.S.2d at 81.

The statute of limitations begins to accrue at the time plaintiff knew or should have known of the injury. See Kent, 429 N.E.2d at 1043; City of Syracuse v. Loomis Armored US, LLC, 900 F. Supp. 2d 274, 290 (N.D.N.Y. 2012). Equitable tolling may be applied if defendant concealed facts such that a plaintiff "exercis[ing] reasonable diligence" could not have known of the injury caused until after the statute of limitations expired.

Philibotte v. Nisource Corp. Servs. Co., 793 F.3d 159, 164 (1st Cir. 2015); City of Syracuse, 900 F. Supp. 2d at 293.

### b. Application

Liberally construing the ambiguous pro se complaint, the Court will read the allegation of fraudulent misrepresentation as a claim against all remaining defendants for conduct and statements made during the arbitration settlement negotiations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Defendants assert that Kaufman's claim must be dismissed as a matter of law because it is time-barred under both New York and Massachusetts law. Kaufman responds that the statute of limitations has not accrued or, in the alternative, that equitable tolling should be applied. See id.

Under both Massachusetts and New York law, the statute of limitations for the fraudulent misrepresentation claim began tolling no later than April 5, 2006, upon confirmation of the arbitration award. Therefore, the claim expired no later than April 5, 2012. M.G.L. c. 260, § 2A; C.P.L.R. 213(2), (8). Kaufman's instant complaint was filed more than four years after the claim expired, in August, 2016. Therefore, the fraudulent misrepresentation claim will be dismissed as time-barred unless equitable tolling applies.

The threshold requirements for equitable tolling are the same under Massachusetts and New York law: 1) fraudulent

concealment and 2) reasonable diligence. See Philibotte, 793 F.3d at 164; City of Syracuse, 900 F. Supp. 2d at 293. Kaufman supports his fraudulent misrepresentation claim with allegations related to the arbitration settlement negotiations that were available to him before the statute of limitations expired. He asserts that DBR and Joseph bribed the arbitrator but provides no facts about the alleged bribe or how, if at all, it was related to the alleged fraudulent misrepresentation. Nor does he provide any facts demonstrating fraudulent concealment or reasonable diligence. See Philibotte, 793 F.3d at 164; City of Syracuse, 900 F. Supp. 2d at 293. Because there are no facts alleged to flesh out the claim and no plausible new evidence, the fraudulent misrepresentation claim will be dismissed as time-barred. See Philibotte, 793 F.3d at 164; City of Syracuse, 900 F. Supp. 2d at 293.

### 4. Other Grounds for Dismissing the Complaint

Defendants also contend that Kaufman's claims should be dismissed because 1) his claims of fraud upon the court and fraudulent misrepresentation are barred by the 2009 Settlement Agreement, 2) this Court lacks personal jurisdiction over defendants and 3) plaintiff failed to pierce the corporate veil such that AT&T should be made a party. Because all the claims are dismissed on other grounds, the Court declines to address those grounds for dismissing the complaint.

### C. Defendants' Request that the Claim be Dismissed with Prejudice

Defendants request that the Court dismiss the claims with prejudice. Kaufman does not respond but the Court presumes he opposes their request and would amend his complaint given the opportunity to do so. The United States Court of Appeals for the First Circuit has held that leave to amend a complaint should "be freely given" unless doing so "would be futile or would serve no legitimate purpose". Fed. R. Civ. P. 15(a); Epstein v. C.R. Bard, Inc., 460 F.3d 183, 191 (1st Cir 2006). It is proper to consider the prior arbitration and the New York and Florida Actions in deciding whether to permit plaintiff to amend his complaint. See Haley, 657 F.3d at 46. Kaufman unsuccessfully brought claims sounding in fraud in each action. Accordingly, it would be futile for the plaintiff to amend the complaint and would only serve to perpetuate a 13-year-old litigation which is not a "legitimate purpose". See Epstein, 460 F.3d at 191. Therefore, the claims will be dismissed with prejudice.

## **ORDER**

For the foregoing reasons, defendant's motion to dismiss is **ALLOWED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton  
                                            Nathaniel M. Gorton  
                                            United States District Judge

Dated June 1, 2017